# United States District Court
## Middle District of Florida
### Orlando Division

MATTHEW FLOETER,

                    Plaintiff,

-vs-                                        Case No.  6:05-cv-400-Orl-22KRS

CITY OF ORLANDO,

                    Defendant.

_____

## Order

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S COMBINED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION TO COMPEL ENTRY UPON LAND BE PERMITTED FOR INSPECTION (Doc. No. 29)** |
| **FILED:** | **March 27, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

In this case, Plaintiff Matthew Floeter alleges that he was the victim of sexual harassment, a

hostile work environment, and retaliation while working as a detective with the Orlando Police

Department (OPD).  He served a request for production of documents and a request to inspect

computer hard drives at OPD, which he styled as a request for entry upon land.  Defendant City of

Orlando (City) objects to some of these discovery requests.

Case 6:05-cv-00400-ACC-GJK   Document 37   Filed 04/14/06   Page 2 of 7 PageID 151


*Request Numbers 1 and 12.*  Floeter asks in request number 1 for documents related to complaints, charges or lawsuits claiming sexual harassment, retaliation or hostile work environment made by anyone at OPD from 2000 to the present.  In request number 12, he asks for correspondence between the City or OPD and the EEOC or Florida Commission of Human Relations (FCHR) regarding allegations of sexual harassment, retaliation and or hostile work environment from 2000 to the present.  With respect to request number 1, the City agreed to produce such documents to the extent that they related to sexual harassment, hostile work environment arising from sexual harassment or retaliation for making such claims.  The City objects, however, to producing documents related to alleged retaliation or hostile work environment that may have occurred in other contexts, such as claims of retaliation based on workers' compensation claims or complaints of national origin discrimination.  In his motion, Floeter does not address why he believes that documents related to claims of retaliation or hostile work environment arising in a context other than sexual harassment are relevant or might lead to the discovery of admissible evidence.  Therefore, the motion to compel production of documents described in request number 1 is **DENIED.**

It appears, however, that the City did not agree to produce documents responsive to request number 12, even if limited in the same manner as it limited request number 1.  Therefore, the motion to compel production of documents described in request number 12 is **GRANTED** in part.  The City shall produce responsive documents regarding allegations of sexual harassment, hostile work environment arising from sexual harassment, or retaliation for making such claims.

*Request Number 9.*  In request number 9, Floeter asks for documents reflecting OPD's response to the complaints described in request number 1.  The City objected to this request in full.

-2-

In its response to the motion to compel, it argues that "this Request will necessarily reveal information that is confidential and protected from discovery pursuant to Fla. Stat. § 112 . . . ." Doc. No. 32 at 4-5. The City also asserts that disclosure of the requested documents "would likely involve disclosing confidential information of former and current employees, many of whose complaints may have been responded to and settled without litigation or within the confines of a collective bargaining agreement," and might infringe upon the attorney-client privilege. *Id*. at 4.

Chapter 112 of Florida Statute is entitled "Public Officers and Employees: General Provisions."  The City does not cite to a specific portion of this chapter supporting its assertion that information called for in request number 9 is protected from discovery.  Without a more cogent argument about how this statute applies in this case, the City's argument on this ground is unavailing.

As to the other claims of confidentiality and privilege, these objections are better resolved through a confidentiality order and, in the case of legal privilege, production of a privilege log. Because the burden of establishing the existence of confidential and privileged information lies with the party asserting the objection, it was incumbent upon the City to seek a protective order before the date on which responses were due to the discovery request, to produce the documents, and, ith respect to privileged documents, or portions thereof, to produce a privilege log.

Accordingly, the motion to compel a more complete response to request number 9 is **GRANTED** in part.  The request will be narrowed to require production of documents reflecting or referring to OPD's response to any complaints of sexual harassment, hostile work environment arising from sexual harassment, or retaliation for asserting such claims filed by anyone against OPD from 2000 to the present.  If responsive documents, or portions thereof, contain privileged information, the

City shall produce a privilege log describing each document or portion thereof withheld on the basis of privilege. The privilege log must identify each document withheld pursuant to a claim of privilege by date, author, recipients (including recipients of copies), specific privilege or protection claimed and shall describe the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20, 1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)).

*Request number 11.* In request number 11, Floeter asks for documents reflecting training classes, meetings or discussions between management and employees addressing sexual harassment, retaliation and hostile work environment conducted at OPD from 2000 to the present. This information is relevant with respect to the *Faragher/Ellerth* defense asserted by the City. The City contends that the request is burdensome, but this objection fails because the City offered no evidence to support that assertion. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Therefore, the motion to compel production of documents described in request number 11 is **GRANTED**. To the extent that responsive documents contain privileged information, portions thereof may be redacted, but the redacted information must be included in a privilege log, as described above.

*Request Numbers 15, 16 and 18.* In request number 15, Floeter seeks all emails sent from the computer of Lt. Uvalle from 2000 to the present that contain sexually explicit or pornographic materials. In request number 18, Floeter broadens the request to all emails sent or received from any

-4-

computer of anyone employed at OPD from 2000 to the present that contain sexually explicit or pornographic materials.  Floeter does not explain why emails of the type described that were sent or received by any employee at OPD from any source without any indication that the email was distributed within OPD would lead to the discovery of admissible evidence in this case.  Therefore, the motion to compel production of documents described in request number 18 is **DENIED.** However, any emails of the type described in request number 15 from Lt. Uvalle's computer would be relevant to corroborate Floeter's testimony that Lt. Uvalle contributed to the sexually harassing environment on which Floeter's claims are based. Once again, the City's objection that searching for this information would be unduly burdensome is unavailing because it presented no evidence to support this objection. *Id.*  Accordingly, the motion to compel production of documents described in request number 15 is **GRANTED.**

Finally, in request number 16, Floeter seeks a copy of a computer printout of all emails from the computer of Lt. Uvalle to anyone from 2000 to the present.   Floeter does not explain why a computer printout, if one exists, of all emails from Lt. Uvalle's computer would lead to the discovery of admissible evidence in this case.  Accordingly, the motion to compel production of documents described in request number 16 is **DENIED**.

*Request Number 17.*  In request number 17, Floeter seeks "[a] copy of all documents related to the sexual harassment allegations by Officer Bruce Locke made against Barbara Jones." Doc. No. 29 at 5.  The City responded that it does not have possession[1] of these documents.  Floeter has presented no information to believe that the City has possession, custody or control of responsive

---

[1]  If the City has custody or control over the documents, but not actual possession of the documents, it must promptly amend its response to this request. *See* Fed. R. Civ. P. 26(e).

documents.  Accordingly, the motion to compel production of the documents described in request number 17 is **DENIED**.

>    *Request for Entry Upon Land.*

Floeter seeks entry into the OPD offices to inspect the computer hard drives of computers used by Lt. Uvalle and Shawn Hayden.  The City objects to this request arguing that these hard drives contain much information that is not relevant to the issues in the present case and may contain information about ongoing criminal investigations, confidential sources, and the like.   Federal Rule of Civil Procedure 34 permits a party to request documents, but it "does not give the requesting party the right to conduct the actual search."  *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003).  Furthermore, Floeter has not made any showing that he has requested information contained on these computer hard drives that the City has failed to produce.  Under these circumstances, the motion to compel the City to permit plaintiff's counsel to enter the OPD offices to inspect the computer hard drives of computers used by Lt. Uvalle and Shawn Hayden is **DENIED.**

It is, therefore, **ORDERED** that on or before May 1, 2006, the City shall produce for inspection and copying (1) all documents in its possession, custody or control that are responsive to requests numbers 9 (as narrowed by this Order), 12 (as narrowed by this Order), 11 and 15, and (2) a privilege log disclosing in the manner required by this Order any documents, or portions thereof, withheld based on a claim of privilege.  It is further **ORDERED** that the City may notice the deposition of the plaintiffs in this case and in case numbers 6:05-cv-855-Orl-22KRS; 6:05-cv-852-Orl-

22KRS; 6:05-cv-853-Orl-22KRS; and 6:05-cv-854-Orl-22KRS no earlier than twenty days after producing the documents and privilege log required to be produced by this Order.

      **DONE** and **ORDERED** in Orlando, Florida on April 14, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties