**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW FLOETER,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-400-Orl-31UAM**

**CITY OF ORLANDO,**

           **Defendant.**
_____/

## ORDER

This matter comes before the Court on the Motion for Reconsideration (Doc. 208) filed by the Defendant, City of Orlando. On November 14, 2007, this Court entered an order (Doc. 206) that provided, in pertinent part, that both parties would be prohibited from raising the issue of witness Kevin Easterling's earlier suit against the Defendant, or its result. The Defendant contends that this restriction would make it impossible for it to alert the jury to Easterling's alleged bias or the alleged bias of certain other witnesses who were formerly his co-plaintiffs. (Doc. 206 at 3). In addition, the City complains that the restriction is likely to confuse the jury if the witnesses' testimony from these trials is used for impeachment without any explanation as to its origin. (Doc. 208 at 3-4).

The Court concludes that these concerns are meritorious. Clearly, the fact that these witnesses felt so wronged by the City that they brought suit against it is relevant to the question of whether their testimony might be biased. Moreover, as the City points out, the restriction is likely to result in jury confusion in the not-unlikely event that the City attempts to impeach these

witnesses with their previous testimony. For both of these reasons, the City ought to be able to raise the issue of the witnesses' earlier suits against the City.

The Court recognizes that a witness who has sued a party and won (or received a significant settlement) at least arguably has less motivation to shade his or her testimony than one who sued and lost, or whose suit remains pending. But if the jury learns (or guesses) the results of one of the earlier cases – which resemble the instant case in numerous respects – there is a significant risk that they will be unduly influenced by that result and will abandon their obligation to independently determine the facts here. After consideration, the Court remains convinced that the probative value of testimony regarding the results of these witnesses' suits is substantially outweighed by the danger of unfair prejudice, and the evidence should therefore be excluded pursuant to Federal Rule of Evidence 403.

Rather than restrict the City from raising the issue of these suits, the Court will instruct the jury as follows prior to the first testimony from Easterling or one of his former co-plaintiffs:

> The witness who is about to testify sued the City in a separate case. That case has concluded. However, the result of that case has no bearing on any issue in the instant case. I instruct you that you should not guess or speculate as to whether the witness was successful or unsuccessful in his suit against the City. It is your obligation to determine the facts and assess the credibility of the witnesses in this case, no matter what you think occurred in a previous case.

The Court will renew this instruction, or at least refer back to it, before the testimony of each witness who previously sued the City.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the motion for reconsideration is **GRANTED**, as detailed above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 30, 2007.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party