# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MATTHEW FLOETER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-400-Orl-22GJK**

**CITY OF ORLANDO,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration of the Magistrate Judge's July 23, 2008 Report and Recommendation ("R&R") (Doc. No. 238), Plaintiff Matthew Floeter's and The City of Orlando's Objections thereto (Doc. Nos. 239, 240), and Floeter's response to the City's Objections (Doc. No. 241.)

Plaintiff's counsel, Frank T. Allen, Esq. and The Allen Firm, P.A. ("Allen"), and Michael LaFay, Esq. and the law firm of Nejame, LaFay, Jancha, Vara, Barker & Joshi, P.A. ("LaFay"), seek attorneys' fees for their representation of Floeter.[1]  Allen requests an award of fees in the amount of $95,200.00 or, alternatively, $88,200,00. (Doc. No. 227 at unnumbered p. 20-21.)  For his part, LaFay seeks fees in the amount of $86,835.00 or, alternatively, $75,635.00. (*Id.* at unnumbered p. 20.)  Additionally, the attorneys ask the Court to "impose a multiplier of 1.2 to 1.5, or alternatively an enhancement of 25% to 33%[.]" (*Id.* at unnumbered p. 21.)

---

[1] Costs have already been taxed. (*See* Doc. No. 232.)

In his R&R, the Magistrate Judge recommends reductions to those claimed amounts. Specifically, the R&R recommends that Allen be awarded fees in the amount of $36,133.50, and that LaFay be paid $42,243.00.

In arriving at these figures, the Magistrate Judge first determined that Floeter was the prevailing party in this lawsuit. In that regard, the parties settled their dispute during the third trial of this case (it was mistried twice before). Pursuant to that settlement, the City agreed to pay Floeter $15,000.00 within 21 days. (Doc. No. 214.) Accordingly, the case was dismissed with prejudice (Doc. No. 215.) However, as noted in the R&R, Floeter claimed $250,000.00 in compensatory damages in the initially-filed pretrial statement. (Doc. No. 238 at 12 n.13; Doc. No. 96 at unnumbered p. 8.)

Next, the Magistrate Judge disallowed time the two attorneys spent on Floeter's sexual harassment claim. As background for this point, the City received summary judgment on the sexual harassment claim, and only the retaliation claim proceeded to trial. The Magistrate Judge determined that the two claims arose from identical or sufficiently related facts; nevertheless, he disallowed the time spent on the sexual harassment claim given the limited success Floeter achieved on the retaliation claim. On this same basis, the Magistrate Judge further reduced the hours the attorneys spent on the retaliation claim, by 50%.

The Magistrate Judge then proceeded to assess the reasonableness of the hourly rate - $350.00 - sought by Floeter's counsel. The Magistrate Judge viewed that rate as excessive, and reduced the figure to $325.00 for Allen and $300.00 for LaFay.

Next, the Magistrate Judge evaluated whether the two attorneys had properly allocated their time among the four other companion cases, *i.e.*, whether they divided among the five

cases the time they spent on common tasks.[2]  LaFay properly pro-rated his time, but the Magistrate Judge found that in two instances Allen had not.  Accordingly, the Magistrate Judge reduced Allen's claimed time by a further 9.26 hours.

The Magistrate Judge also recommended that "additional hours be deducted as a result of the two mistrials because the conduct of Plaintiff's counsel did substantively lengthen the trial process."  (Doc. No. 238 at 15.)  However, the Magistrate Judge recognized that "not all of the hours performed in preparing for the two trials should be deducted because some portion of that work may have been useful in the final trial."  (*Id.*)  Accordingly, the Magistrate Judge rejected the City's urged 100% reduction and instead recommended a reduction of 80%.  (*Id.*)[3]

The Magistrate Judge then rejected the City' contention that the sought fees should be reduced by 30% on duplication of effort grounds, finding that there was no substantial overlap in the two attorneys' work.

Finally, the Magistrate Judge denied the attorneys' request for an enhancement or a multiplier, reasoning that the former was unwarranted and the latter, legally inappropriate.

Floeter has objected to the R&R on a number of grounds.  First, Floeter's counsel contest the Magistrate Judge's reduction of Allen's time on non-allocation grounds.  Next, the attorneys challenge the Magistrate Judge's rejection of the time they spent on the sexual harassment claim, and the 50% reduction of the hours they devoted to the retaliation claim.  To

---

[2]The companion cases involved four other police officers who, like Floeter, asserted claims of sexual harassment and retaliation.

[3]The Magistrate Judge noted that this reduction included the hours Floeter's counsel spent defending a motion for sanctions the City filed, since the first mistrial prompted the motion for sanctions.  (Doc. No. 238 at 15.)

support these positions, Floeter's attorneys argue that the sexual harassment claim and the retaliation claim were directly related, that the Magistrate Judge deducted more hours on the sexual harassment claim than were actually devoted to that claim, and that the Magistrate Judge placed undue weight on the settlement figure and the fact that Floeter only prevailed on the retaliation claim.  They also maintain that this lawsuit forced the City's police department to change its ways.  Finally, Floeter's attorneys "strenuously object" to the recommended 80% reduction in the hours attributable to the mistrials.  (Doc. No. 239, ¶ 15.)  In their view, "preparation for the first trial had nothing to do with the first mistrial," inasmuch as such preparation "was required and mandatory no matter what occurred at trial."  (*Id.*)  As for the second mistrial, counsel state:  "[A]ccording to Judge Presnell's order (Doc. 206) regarding the second mistrial, it was clear that Judge Presnell concluded the second mistrial was not solely Plaintiff or his attorneys['] fault."  (*Id.*)[4]

Curiously, the attorneys also object to a couple of things the Magistrate Judge did not do.  In that regard, they state:  "Also, the R&R states in 'reviewing the record, it appears Allen did not prorate hours amongst the Companion cases in other instances.['] (R&R at 14[.])" (*Id.,* ¶ 7.)  However, although the R&Rs in two of the companion cases do state this, the R&R in the present case does not.  Floeter's attorneys also complain that the Magistrate Judge imposed an additional 30% reduction for overlap.  (Doc. No. 239, ¶ 16.)  However, the Magistrate Judge did no such thing.  Instead, he expressly rejected the City's argument that the fees should be reduced by a further 30% for overlap.  (Doc. No. 238 at 16.)

---

[4] District Judge Gregory A. Presnell presided over the second and third trials.  The first trial was conducted by the undersigned judge.

For its part, the City objects to the R&R on the asserted basis that Allen's and LaFay's hourly rates should be further reduced to, respectively, $225.00 and $234.00. Additionally, the City argues that the claimed fees "should further be reduced by 30% for the overlap in work between Mr. Allen and Mr. LaFay, and to account for the fact that many of the tasks for which Plaintiff's attorneys submitted hours could have been done by an associate or a staff member." (Doc. No. 240, ¶ 16.)

In his Response to the City's Objections, Floeter argues that "the hourly rates as determined by the Magistrate should remain undisturbed, that the hours expended on the mistrials should be given partial credit and that a reduction in hourly rate for 'overlap' is both unsupported and unjustified." (Doc. No. 241, ¶ 1.)

The Court has carefully considered the parties' objections to the R&R and has determined them to be meritless. The Magistrate Judge correctly reduced Allen's and LaFay's hourly rates, and to an appropriate degree. Based on the limited success Floeter achieved in this lawsuit, it was entirely appropriate for the Magistrate Judge to disallow the fees related to the sexual harassment claim and to reduce by 50% the fees devoted to the retaliation claim. It was likewise appropriate for the Magistrate Judge to subtract 80% of the time attributable to the first and second mistrials, which were caused by Floeter's counsel, and the associated sanctions motion.[5] Further, the reduction in Allen's claimed hours based on that attorney's failure to prorate his time was similarly appropriate. Finally, the Magistrate Judge properly rejected the City's argument that a further 30% reduction for duplication of effort was warranted.

---

[5] The fact that Floeter's attorneys were not sanctioned for their conduct in causing the mistrials does not insulate them from a fee reduction.

Based on the foregoing, it is ORDERED as follows:

1. The July 23, 2008 Report and Recommendation (Doc. No. 238), is APPROVED AND ADOPTED

2. Plaintiff's Attorneys['] Objections to the Magistrate's Report and Recommendation (Doc. No. 239), filed on August 3, 2008, are OVERRULED.

3. Defendant's Objections to Magistrate's Report and Recommendation (Doc. No. 240), filed on August 3, 2008, are OVERRULED.

4. Plaintiff's Attorneys['] Combined Motion to Tax Fees and Interests [sic] (Doc. No. 227), filed on February 4, 2008, is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks an award of attorney's fees, and DENIED as to the amount of fees requested. Frank T. Allen, Esq. and The Allen Firm, P.A., are hereby awarded attorney's fees in the sum of $36,133.50. Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A., are hereby awarded attorney's fees in the sum of $42,243.00.

5. The Clerk shall enter a judgment providing that (1) Frank T. Allen, Esq. and The Allen Firm, P.A., are hereby awarded attorney's fees in the sum of $36,133.50; and (2) Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A., are hereby awarded attorney's fees in the sum of $42,243.00.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 20, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge

ANNE C. CONWAY
United States District Judge